UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILKERSON, | No. 2:12-cv-2251 AC P |
| Plaintiff, | |
| v. | ORDER & |
| G. NIES, Warden, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S. § 1983. Plaintiff filed his complaint on August 30, 2012. ECF No. 1. The court granted plaintiff's request to proceed in forma pauperis by order filed on October 10, 2012. ECF No. 7. The complaint was found appropriate for service upon the following eleven defendants employed at Deuel Vocational Institution (DVI): Warden G. Nies; Correctional (Corr.) Captain Rodriguez; Corr. Lieutenant Thomas; Corr. Sergeant Britton; Corr. Officers Marquez, Knight, Castellon, Vasquez, Hamilton, Smith; and Registered Nurse Soltesz. Id.

COMPLAINT

Plaintiff alleges that defendants used excessive force against him on December 16, 2010 at DVI. He claims that after he had been placed in handcuffs, shackles and waist chains for

transport,[1] he was beaten severely by defendants "applying the body, glove [] restraint system." ECF No. 1 at 6. Plaintiff alleges he suffered injuries when, while he was restrained, his head was slammed to the ground, he was log-rolled back and forth on the concrete, and his back was stomped on. Plaintiff alleges further that he was pepper-sprayed and punched in the face. Id. at 6-14. Plaintiff also claims to have been forcibly administered sedatives without his consent. Id. at 13. Plaintiff seeks compensatory and punitive damages. Id. at 3.

## MOTION TO DISMISS

Pending before the court is defendants' motion to dismiss on two alternative grounds: (1) under non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, for failure to exhaust; and (2) under Rule 12(b)(6) for failure to state a claim, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). ECF No. 27. The motion has been fully briefed. ECF Nos. 31, 32.

I.   Motion to Dismiss as Unexhausted

   A.   The Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a); see also Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases.")).

Compliance with the exhaustion requirement is mandatory regardless of the type of relief sought. Booth v. Churner, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust their administrative remedies whether they seek injunctive relief or money damages, even though the latter is unavailable through the administrative grievance process); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims

---

[1] According to plaintiff's exhibits, he was being transported from DVI to a mental health crisis bed at the California Medical Facility (CMF). Id. at 23.

2

cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F. 3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213–14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

Prior to January 28, 2011, inmates proceeded through four levels of appeal to exhaust the appeal process: (1) attempted informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the CDCR. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing 15 Cal. Code Regs. § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

B. <u>Standards Governing the Motion</u>

In a motion to dismiss for failure to exhaust administrative remedies under non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, as noted above, defendants "have

3

1 the burden of raising and proving the absence of exhaustion." Wyatt, 315 F.3d at 1119.  In
2 deciding a motion to dismiss for failure to exhaust, a court may "look beyond the pleadings and
3 decide disputed issues of fact." Id., 315 F.3d at 1119–20.  Thus, the parties may go outside the
4 pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be
5 provided with notice of his opportunity to develop a record.  Id. at 1120 n.14.  In this case,
6 plaintiff was provided with such notice on January 8, 2013 and concurrently with the filing of the
7 motion to dismiss on June 27, 2013.  See ECF Nos. 15, 27-5.  See Woods v. Carey, 684 F.3d 934
8 (9th Cir. 2012).  The court may decide disputed issues of fact.  If the court determines that
9 plaintiff has failed to exhaust, dismissal without prejudice is the appropriate remedy.  Id. at 1120.

      C.    Discussion

11 Defendants produce the declaration of R. den Dulk, the DVI appeals coordinator, who
12 states that all four of the inmate appeals initiated by plaintiff and tracked while he was at DVI had
13 been initiated at other institutions.  ECF No. 27-4.  The declaration is supported by a report
14 generated by the institution's inmate appeals tracking system.  EXF No. 27-4 at 4 (Exh. A to den
15 Dulk Decl.)  Neither the den Dulk declaration nor its exhibits identify the substance of any of the
16 inmate appeals they note.  Defendants also produce the declaration of J.D. Lozano, CDCR chief
17 of the Office of Appeals (OOA), who states that plaintiff has submitted only two administrative
18 appeals for third level review, both of which were rejected for review on procedural grounds.
19 ECF No. 27-3.  This declaration is supported by a report from CDCR's inmate appeal tracking
20 system.  ECF No. 27-3 at 4 (Exh. A to Lozano Decl.)  Defendants do not provide copies of these
21 requests for third level review, or identify their substance.  The first such request was received at
22 the OOA on December 14, 2010, two days before the alleged assault.  Id.  It therefore cannot
23 have concerned the incident at issue.  The second request for review was received on March 7,
24 2011, and thus may have involved the alleged assault.  It was screened out because plaintiff had
25 bypassed lower levels of review.  ECF No. 27-3 at 2 (Lozano Decl.), 4 (Exh. A).
26 The court strongly disfavors defendants' reliance on summary reports rather than
27 underlying administrative appeal documentation.  Moreover, defendants' failure to identify the
28 subjects of plaintiff's appeals, or to advise the court which if any of them involved the incident

1  that gives rise to plaintiff's claims, has unnecessarily complicated the court's review of the
2  exhaustion issue.  Nonetheless, defendants' showing satisfies their burden of establishing that
3  plaintiff failed to obtain review through the Director's level of any appeal regarding the
4  December 16, 2010 incident.

5  Plaintiff has submitted a copy of an inmate appeal Form 602 ("602") that he dated March
6  5, 2011, complaining about the December 16, 2010 assault.  ECF No. 31 at 9.  The form is
7  stamped received at the inmate appeals branch (i.e., at the third level) on March 7, 2011, id.,
8  which suggests that it is the same document referenced in the Lozano Declaration.  The document
9  was subsequently (and in violation of the prescribed progression through the levels of review)
10 received at the DVI appeals office on June 8, 2011.  Id. [2]  This appeal was not accepted for review
11 at any level.  Plaintiff represents that it was finally screened out on June 13, 2011.  Id. at 13.
12 Petitioner's exhibits also include attempts to re-open the appeal by filing additional 602s on or
13 about November 7, 2011 (id.) and December 29, 2011 (id. at 12, 14), complaining that the initial
14 appeal had been unfairly rejected.  Plaintiff argued in these appeals that he had been unable to
15 meet the time constraints for his initial appeal because of his injuries from the assault, alleging
16 that he had spent three weeks in a wheelchair and subsequently experienced problems with law
17 library access.  Id. at 12, 13.

18 Plaintiff provides a letter dated November 30, 2011 from the DVI appeals coordinator,
19 explaining that his appeal submitted (or, more likely in light of the above chronology, received)
20 on November 29, 2011 was being returned because it lacked a signature.  Id. at 18.  Plaintiff also
21 provides a letter dated February 2, 2012 from an appeals coordinator at CMF, returning a staff
22 complaint that had been filed (or received) on January 17, 2012 regarding the December 16, 2010
23 incident.  The appeals coordinator explained that the complaint was untimely and vague, and
24 failed to specify whether the allegations involved staff at CMF or DVI.  Id. at 16.  Finally,
25 plaintiff provides a May 31, 2012 letter from DVI appeals coordinator den Dulk, stating that a
26 complaint dated (or received) May 30, 2012 was cancelled because untimely submitted "even

---

[2] The document bears an additional, unexplained date stamp of November 29, 2011.  Id.  This may reflect resubmission of the document as a supporting exhibit to a subsequent appeal.

though you had the opportunity to submit within the prescribed time constraints." Id. at 17.

Plaintiff has shown that he made repeated efforts to exhaust his administrative remedies, but it is quite clear that he did not begin those efforts until March 5, 2011, over two and a half months after the alleged assault. Plaintiff does not contend otherwise. The applicable regulations required the appeal to be filed within thirty days. Cal. Code Regs. tit. 15, § 3084.8(b). Accordingly, plaintiff never obtained review at the first formal level, let alone the Director's level as required by the exhaustion doctrine. See Barry v. Ratelle, 985 F. Supp. at 1237-38 (review at Director's level necessary to exhaust); see also Woodford v. Ngo, 548 U.S. at 84 (untimely appeal does not satisfy the exhaustion requirement).

The evidence before the court does not establish that petitioner's administrative grievance was improperly rejected on procedural grounds, or that exhaustion was otherwise "effectively unavailable." See Sapp v. Kimbrell, 623 F. 3d at 823. Plaintiff has presented no evidence to establish that he was medically unable to file a timely 602. The allegation that he spent three weeks in a wheelchair does not support such a conclusion. Moreover, plaintiff's first 602 was over two and a half months late, not three weeks late. There is no indication that he timely sought relief from the thirty day time limit. According to plaintiff's own chronology, he waited until November 7, 2011 after the June 13, 2011 rejection of his appeal – almost five months -- to contest the untimeliness screen-out.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. at 90. Because plaintiff failed to submit a timely administrative appeal and to pursue it through the Director's level, the claim is unexhausted. Accordingly, defendants' motion to dismiss should be granted on this ground.

II.     Motion to Dismiss for Failure to State a Claim

Having found that plaintiff's claim is administratively unexhausted, the court declines to address defendant's alternate grounds for dismissal.

Accordingly, IT IS ORDERED that the Clerk of the Court make a random district judge assignment to this case.

1  IT IS RECOMMENDED that defendants' motion to dismiss (ECF No. 27) be granted on
2  the ground that plaintiff has failed to exhaust his administrative remedies.

3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8  shall be served and filed within fourteen days after service of the objections.  The parties are
9  advised that failure to file objections within the specified time may waive the right to appeal the
10  District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

11  DATED: January 8, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE